**BAO FA YANG, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**Docket No. 03–4644.**

United States Court of Appeals, Second Circuit.

July 13, 2005.

---

* The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

Steven Mundie, (Jeffrey E. Baron, on the brief), New York, NY., for Petitioner.

Elizabeth L. Collins, (Hilary W. Frooman, Assistant United States Attorney, on the brief, David N. Kelley, United States Attorney for the Southern District of New York, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY., for Respondent.

PRESENT: CABRANES, RAGGI Circuit Judges and SAND * District Judge.

* The Honorable Leonard B. Sand, of the United States District Court for the Southern Dis-

## SUMMARY ORDER

Petitioner appeals from a March 5, 2003 order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) final order of removal and denial of petitioner's applications for asylum and withholding of removal. Because the BIA adopted the IJ's decision, our review is of the IJ's decision. *See Zhang v. U.S. Dept. of Justice*, 362 F.3d 155, 158 (2d Cir.2004).

"When reviewing the denial of an application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by 'substantial evidence.' Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This standard is highly deferential. *See Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ's adverse credibility finding was based in large part on elements of petitioner's testimony that "went 'to the heart of his asylum claim,'" *Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir.2004)). As we noted in *Zhang*, "[w]here the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhang*, 386 F.3d at 74 (citations and internal quotation marks omitted). Applying this standard,

trict of New York, sitting by designation.

we conclude that the IJ's findings provide substantial evidence to support an adverse credibility finding in this case.

We have considered petitioner's claims and found them to be without merit. We hereby **DENY** the petition for review.